**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:46 PM July 31, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRIAN WALTER OHM, | ) | CASE NO. 15-60029 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

      Proceeding under separate legal theories, Debtor filed two motions to avoid a judgment lien held by his former attorney, Donald M. Miller. Mr. Miller opposes avoidance. The court held a telephonic hearing on June 3, 2020, attended by James Hausen, counsel for Debtor, and Mr. Miller. Neither party desired to file additional memoranda and the court took the matter under advisement.

      The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. As matters arising directly under the Bankruptcy Code, the court has authority to enter final orders. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

      This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# FACTS

Mr. Miller represented Debtor in a chapter 13 case filed on January 25, 2013. On September 20, 2013, the court awarded Mr. Miller $6,849.66 in compensation and expenses. Debtor's case had previously been dismissed. Shortly thereafter, Mr. Miller sued Debtor in Canton Municipal Court, obtaining a judgment on October 30, 2013. He recorded a lien on December 16, 2013 in the amount of $6,501.78.

Debtor filed the present chapter 13 case on January 8, 2015. He did not include the lien as a secured debt or list any debt owing Mr. Miller in his schedules. His second amended plan, confirmed on July 23, 2015, did not make any provision for the lien.

Mr. Miller renewed his judgment lien on November 28, 2018.

On March 13, 2020, Debtor added Mr. Miller as an unsecured creditor on Schedule F. He also filed the first motion to avoid the lien, arguing it violated the automatic stay. Mr. Miller objected. Debtor filed his second motion to avoid the lien as an impairment to his homestead exemption under 11 U.S.C. § 522(f) on May 7, 2020. Mr. Miller objected.

# DISCUSSION

I. **Mr. Miller's claim will not be affected by a discharge in this case.**

Debtor does not dispute that Mr. Miller's claim was not listed in the schedules, nor was he provided notice of the bankruptcy when it was filed. The claims bar date for general creditors was May 19, 2015. Debtor amended his schedules to include Mr. Miller's claim on March 13, 2020, almost five years after the claims bar date.

As a general rule, debts "provided for by the plan or disallowed under section 502" are discharged. 11 U.S.C. § 1328(a). Section 1328(a) contains three exceptions to this general rule. In § 1328(a)(2), many § 523(a) debts, including those under § 523(a)(3)(A), are excluded from discharge. Section 523(a)(3)(A) permits discharge of unscheduled claims only if a creditor had notice and knowledge of the case in time to file a proof of claim. The record is absent of any facts that suggest Mr. Miller had knowledge or notice of this case to timely file a proof of claim. Nor was his lien provided for in the plan, leaving the lien intact. In re Zimmerman, 276 B.R. 598, 603 (Bankr. N.D. Ill. 2001). Consequently, the court finds that neither his claim nor his lien are subject to discharge. See generally In re Glow, 111 B.R. 209 (Bankr. N.D. Ind. 1990) (disallowing late proof of claim because creditor had notice of case but refusing to avoid lien because it was not provided for in plan).

II. **Motion to Avoid Lien as a violation of the automatic stay.**

In his first motion, Debtor claims Mr. Miller's recordation of the lien violated the automatic stay, citing 11 U.S.C. § 362(a)(4). He requests the lien be declared void. Debtor bears

2

the burden of proof of a stay violation by a preponderance of the evidence. Harchar v. U.S. (In re Harchar), 393 B.R. 160, 185 (N.D. Ohio 2008); Gordon v. Dennis Burlin Sales, Inc., 174 B.R. 257, 259 (Bankr. N.D. Ohio 1994). If he meets his burden, the lien is voidable. Easley v. Pettibone Michigan Corp., 990 F.2d 905, 910 (6th Cir. 1993). A lack of knowledge of the stay impacts whether the violation was willful for determining damages under 11 U.S.C. § 362(k). It does not excuse the violation. In re Bennett, 135 B.R. 72 (Bankr. S.D. Ohio 1992).

The Bankruptcy Code provision relied on by Debtor provides that the filing of the petition created a stay against "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The real estate securing the judgment lien is not property of the estate. It is property of the Debtor per the confirmation order dated July 23, 2015. However, § 362(a)(5) is a comparable provision that applies to property of the debtor. The court will therefore proceed under this provision, not § 362(a)(4).

Mr. Miller posits no stay violation occurred because his action merely continued the existing lien. There is support for Mr. Miller's contention. Morton v. Nat'l Bank of New York City (In re Morton), 866 F.2d 561 (2nd Cir. 1989); In re The Horned Dorset Primavera, Inc., 2018 WL 3629952 (Bankr. D. P.R. 2018). These courts differentiate between acts to "create, perfect, or enforce" and those to "extend, continue, or renew" a lien and conclude the latter do not violate the stay. Morton, 866 F.2d 561, 564. On its face, this argument appears meritorious, especially when you consider the underlying policies. As the Second Circuit opined in Morton:

> Significantly, [§ 362(a)(4)] does not explicitly prohibit acts to *extend, continue,* or *renew* otherwise valid statutory liens, nor is there any indication from the legislative history that Congress intended such a result.
>
> Similarly, there is no indication that the state requirements at issue here place any type of burden on § 362(a) or the interests it was designed to protect. Action by a lienholder under [the state judgment lien statute] does not result in an enlargement of the lien, nor does it threaten property of the estate which would otherwise be available to general creditors. To the contrary, extension under [the state statute] simply allows the holder of a valid lien to maintain the status quo— a policy not adverse to bankruptcy law, but rather in complete harmony with it. *See* Hunt v. Bankers Trust Co., 799 F.2d 1060 (5th Cir.1986); In re Holtkamp, 669 F.2d 505 (7th Cir.1982).

Id. In recording a lien in 2018, he merely continued his secured status that existed on the date of filing.

This conclusion is also supported by the state statute. Mr. Miller sued Debtor and obtained a judgment from the Canton Municipal Court. Shortly thereafter, he recorded a lien, identified as 2013JG08203, dated December 16, 2013. Pursuant to Ohio Revised Code ("ORC")

3

§ 2329.02, the lien was effective against Debtor's real estate as of the date of its filing. As Mr. Miller points out, to keep his judgment from becoming dormant, O.R.C. § 2329.07(B) required him to act within five years to "renew" it. He utilized O.R.C. § 2329.07(B)(1)(b), providing:

> (B)(1) A judgment that is not in favor of the state is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later:
>
> \* \* \*
>
> (b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.

If the judgment goes dormant, the lien is extinguished. Geauga Savings Bank v. Nall, 1999 WL 960574, \* 2 (Ohio Ct. App. 1999). Consequently, in order to maintain his secured status, Mr. Miller had to again file his certificate of judgment. This was not creation of a new lien, it was an act to maintain his judgment dating to 2013. Moreover, as previously noted, filing the lien did nothing to alter the position Mr. Miller occupied on the date of Debtor's petition. The court therefore finds that Mr. Miller did not violate the automatic stay by creating, perfecting or enforcing a lien against Debtor's property. Debtor's motion to avoid the lien as a violation of the stay will be denied.

Additionally, Mr. Miller could avail himself of the protection of 11 U.S.C. § 108(c). Debtor's bankruptcy case tolled the deadline to renew the lien, extending it 30 days after termination of the stay. Wessinger v. Raab (In re Greenberg), 288 B.R. 612 (Bankr. S.D. Ga. 2002). Even if his act to renew the lien violated the stay, it was simply premature, not forbidden.

### III.   Debtor cannot avoid the lien as an impairment to his homestead exemption.

Alternatively, Debtor moves to avoid Mr. Miller's lien as an impairment to his homestead exemption under 11 U.S.C. § 522(f). The lien impairs Debtor's exemption if the total of the lien, all other liens on the property, and the exemption exceed the value of Debtor's interest in the property. Debtor bears the burden of proof by a preponderance of the evidence. In re Pace, 569 B.R. 264, 269 (B.A.P. 6th Cir. 2017) (citations omitted).

Debtor's figures demonstrate impairment. The lien ($6,502), the first mortgage ($143,621) and his exemption ($132,900), totaling $283,023, exceed the value of his interest in the property ($240,000). Mr. Miller does not challenge the figures but he does challenge the propriety of avoiding a lien when it was not provided for in the plan and he was not given notice of the bankruptcy. His argument is well-taken.

4

Besides the fact that his claim is not subject to discharge, it would be unlawful to avoid the lien. Debtor's failure to provide for the lien in the confirmed plan is fatal.

> [A] plan can effectively determine value and/or avoid a lien only if the creditor receives clear notice that the plan will do so. A plan that is silent about the fate of a secured claim provides no notice of what will happen to the secured claim and therefore cannot effectively avoid a lien or determine its value. *See* Great Lakes Higher Ed. Corp. v. Pardee (In re Pardee), 193 F.3d 1083, 1085-86 (9th Cir 1999); Bisch v. United States (In re Bisch), 159 B.R. 546, 549 (B.A.P. 9th Cir. 1993) (failure to provide for the secured debt and lien in the chapter 13 plan Allowed the IRS's tax lien to survive the bankruptcy process).

Shook v. CBIC (In re Shook), 278 B.R. 815, 824-25 (B.A.P. 9th Cir. 2002) (citations omitted). *Accord* Zimmerman, 276 B.R. 606 (rejecting general language in a plan that any lien not provided for was void). The finding in Shook carries even more force than the present case because the creditor had notice of the case and received payment on its claim. The court denied the debtors' attempt to strip the lien and recover the amounts paid four and one-half years into the plan. In the present case, Mr. Miller did not have any notice.

Courts adhere to the notice requirement even if a lienholder would not have received a distribution under the plan. This is because "due process is the linchpin to determining the rights of secured creditors in chapter 13." Id. at 825 (citing Lawrence Tractor Co. v. Gregory (In reGregory), 705 F.2d 1118, 1123 (9th Cir. 1983)). Like the creditor in Shook, "nothing in the plan alerted CBIC that Debtors intended simultaneously to avoid its lien and pay it nothing." Id. at 825.

Moreover, a confirmed plan is *res judicata* not only as to issues that were decided, but also those which could have been decided. In re Menden, 2011 WL 4433621 (Bankr. N.D. Ohio 2011); In re Harris, 293 B.R. 438 (Bankr. N.D. Ohio 2003); In re Wharry, 91 B.R. 31 (Bankr. N.D. Ohio 1988) (citations omitted). Treatment of Mr. Miller's lien was clearly something that should have been addressed through the plan and was not. To raise it now violates not only due process principles, but also raises *res judicata* concerns. Therefore, the court will deny Debtor's motion to avoid lien under 11 U.S.C. § 522(f).

## CONCLUSION

To establish a violation of the stay, Debtor had to demonstrate that Mr. Miller took action to "create, perfect or enforce" an interest against Debtor's property under 11 U.S.C. § 362(a)(5). Per state law, Mr. Miller had to renew the judgment lien to prevent the underlying judgment from becoming dormant. It was not an act to create, perfect or enforce a lien. It was a continuation of his original lien. Debtor failed to meet his burden of proof that Mr. Miller violated the automatic stay by renewing the lien.

While the figures might be in Debtor's favor for avoidance under § 522(f), due process is not. Debtor's failure to notify Mr. Miller of his case or his plan means Mr. Miller's claim is not discharged and the lien passes through the bankruptcy unaffected.

An order will be entered immediately.

# # #

**Service List:**

James F. Hausen
Bates and Hausen, LLC
215 E. Waterloo Road Suite 17
Akron, OH 44319

Donald M. Miller
1400 N. Market Avenue
Canton, OH 44714

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702